James Marsh (admitted Pro Hac Vice)
jamesmarsh@marshlaw.us
Robert Y. Lewis (admitted Pro Hac Vice)
robertlewis@marshlaw.us
Marsh Law Firm PLLC
P.O. Box 4668 #65135
New York, NY 10163-4668
Telephone / Fax: (212) 372-3030

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

------------------------------------------------------- X
                                                        )
"Amy," "Jessica,"                                       )   Civ. No. _____
                                                        )
and "Andy",                                             )
                                                        )
                              Plaintiffs,               )   **PLAINTIFFS' MEMORANDUM IN**
v.                                                      )   **SUPPORT OF MOTION TO**
                                                        )   **PROCEED USING PSEUDONYMS**
                                                        )
Jeffrey W. Feldman,                                     )
                              Defendant.                )   (Filed Electronically)
                                                        )
------------------------------------------------------- X

Plaintiffs "Amy," "Jessica," and "Andy", through their attorneys the Marsh Law Firm PLLC, submit this memorandum of law to support their motion for leave to proceed in the above-captioned matter using pseudonyms.

The Federal Rules of Civil Procedure neither explicitly authorize nor prohibit the use of fictitious names by plaintiffs or other parties. Courts have however allowed the use of pseudonyms in appropriate cases. In *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004), the Seventh Circuit observed that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." The Seventh Circuit further noted "the danger of retaliation is often a compelling ground for allowing a party

to litigate anonymously . . . ." *Id* at 669. In *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997), the Circuit recognized that using "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."

## SEVERITY OF THE THREATENED HARM

Defendant's possession of the child sex abuse images of Amy, Jessica, and Andy harmed them. As young, pre-pubescent children, all three plaintiffs were raped and exploited by sexual predators to produce pornography – Amy when she was eight, Jessica from infancy to four years old, and Andy from seven to eleven. As children, Amy, Jessica, and Andy became involuntary participants in a public spectacle of highly personal matters. Years later the images of Amy, Jessica, and Andy's rape and sexual exploitation are widely circulated on the Internet among child molesters and pedophiles, who reenact the perpetration with each viewing. .

Defendant Feldman participated in the exploitation of children for sexual pleasure and has been indicted for receipt and possession of child sex abuse images of Amy, Jessica, Andy and others. Defendant possessed over 500,000 files of child pornography and employed extensive encryption to hide his illegal activities. The files included videos depicting bondage and sexual assault of infants, along with bestiality involving children.

Congress has recognized the fundamental affront to human dignity and personal privacy that child pornography represents and has deliberately chosen to make possession, distribution, receipt, transportation and production of child sex abuse images punishable by significant criminal penalties. The receipt of such images subjects an individual to a mandatory minimum federal prison sentence of five years. 18 U.S.C. § 2252A(a)(2).

Visual depictions of a pre-pubescent child's rape and sexual exploitation constitute personal information of the utmost intimacy, and cause the victims injury, ridicule and personal embarrassment.

As the United States Supreme Court recognized in *New York v. Ferber*, 458 U.S. 747, 759 n.10 (1982), "[t]he victim's knowledge of publication of the visual material increases the emotional and psychic harm suffered by the child . . . . Thus, distribution of the material violates the individual interest in avoiding disclosure of personal matters."

The *Ferber* Court also noted that "sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults…sexually exploited children [are] predisposed to self-destructive behavior such as drug and alcohol abuse or prostitution…. When such performances are recorded and distributed, the child's privacy interests are also invaded." *Id*. at n. 9.

All these harms, which are severe and can be lifelong, will be compounded if Amy, Jessica, and Andy's identities are revealed.

### **REASONABLENESS OF AMY, JESSICA, AND ANDY'S FEARS**

Here, Amy, Jessica, and Andy are at risk of further emotional harm if they are identified, and they may also be at risk of physical harm. Child pornography is largely distributed by networks of anonymous pedophiles, child molesters and members of other deviant subcultures utilizing a variety of Internet technologies. The individuals who possess and trade child pornography do not know each other, which enables them to conduct their illegal activities with impunity and little risk of discovery. *See* Philip Jenkins, *Beyond Tolerance: Child Pornography on the Internet*. New York: NYU Press, 2001.

Given this environment, once known, Amy, Jessica, and Andy's identities can easily and anonymously be conveyed to pedophiles and child molesters who collect and trade their child

pornography images. These individuals will then know Amy, Jessica, and Andy not only through their child sex abuse images, but their actual identities and whereabouts as well; they will know Amy, Jessica, and Andy, but Amy, Jessica, and Andy will not know them. As the Supreme Court recognized in *Ferber*, 458 U.S. at 759 n. 10, "it is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions" on victims like Amy, Jessica, and Andy.

The *Ferber* Court found that "pornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography." *Id*. Publication of Amy, Jessica, and Andy's identities will only compound their emotional injury.

Amy, Jessica, and Andy's fears are well grounded. After child pornography victim Masha Allen testified before Congress about her sexual torture, childhood rape and pornographic exploitation, one of the first persons convicted for child pornography in the United States—underground author Peter Sotos—wrote a book featuring "child porn star Masha Allen…in a violent new work which goes beyond pornography to investigate the very experience of pornography itself."
[https://web.archive.org/web/20070813160939/http://www.creationbooks.com/frameset.asp?p=newtitles-main.html.]

When the 19 year old victim in the Vicky child pornography series spoke publicly about the rape and sexual exploitation videotaped by her father, she was contacted by four separate individuals who sought to communicate with her about the images of her abuse; one even

apparently tried to send her pornographic images. Numerous chat room transcripts describe the material about her that proliferates on the Internet. Unfortunately her real name is used in these chats. The chats include degrading and disgusting speculation by the participants about whether Vicky enjoyed the rape, bondage, and sodomy she endured as a young girl. These are just two of many discussions readily available on the Internet just by conducting a search using Vicky's real name.

The wide distribution of Vicky's child sex abuse images and videos resulted in a man stalking her who, by his own statements, searched for five years before finally locating her via her MySpace page (which Vicky has since deleted). He then harassed her with pointed sexual questions, stating that he wanted to make pornography with her, and calling her a "COWARD" (emphasis in original) because she assisted in sending her abuser to jail. This individual was sentenced in federal court in Nevada for stalking Vicky and transporting child pornography.

Amy, Jessica, and Andy's fears are reasonable; if their true identities are revealed, they will be vulnerable to retaliation like Masha Allen and Vicky.

## AMY, JESSICA, AND ANDY'S VULNERABILITY TO RETALIATION

For all the above reasons and as previously discussed, Amy, Jessica, and Andy are particularly vulnerable to retaliation. Many individuals have expressed animosity toward Amy, Jessica, Andy and their supporters. Recently, this comment appeared on a well-respected law professor's blog in response to a post about Amy's efforts to obtain restitution in federal criminal cases:

> "if i was one of them…i'd sooner spend TRIPLE any award amount arranging the murder of the Lawyer going after the funds in the first place!"

[http://sentencing.typepad.com/sentencing_law_and_policy/2012/08/child-pornography-and-the-restitution-revolution.html]. There is little reason to believe these same sentiments do not hold true for Amy, Jessica, and Andy.

## **PUBLIC INTEREST**

The public interest, if any, will not be furthered or enhanced by knowing Amy, Jessica, and Andy's identities. The production of the child pornography of these victims possessed and distributed by Defendant occurred several years ago and has received little to no publicity. While the Defendant's indictment has received some publicity, there has been no mention in the press of Amy, Jessica, or Andy as a victim or potential civil plaintiff.

Amy, Jessica, and Andy have scrupulously guarded their identities and their actual names have never been revealed or published. There is nothing about Amy, Jessica, or Andy's identities that are significant or newsworthy. The stories and the media coverage of Amy's efforts to obtain restitution are based solely on the public knowing her as "Amy." There is no reason that media coverage will be enhanced by knowing them by their aliases "Amy" "Jessica," and "Andy", which is how they have proceeded in other actions.

Other than closing the courtroom or sealing the record, there is no easily implemented alternative mechanism for protecting Amy, Jessica, and Andy's confidentiality. Proceeding under pseudonyms enhances the public's ability to participate by obviating the need to seal or otherwise restrict documents and court proceedings. Since there is no familial or other direct relationship between the parties, there is no need to cloak any of the proceedings in secrecy once Amy, Jessica, and Andy's identities are protected. There is nothing in the underlying criminal case or the materials submitted in the civil case that will likely lead the public to discover Amy, Jessica, and Andy's identities. Allowing Amy, Jessica, and Andy to proceed under pseudonyms properly balances Amy, Jessica, and Andy's need for anonymity against countervailing interests

in full public disclosure. It also provides other victims with some comfort they can seek appropriate legal redress without fear of disclosure of their identities.

### RECENT FEDERAL COURT DECISION GRANTING CHILD PONRNOGRAPHY VICTIM RIGHT TO PROCEED USING PSEUDONYM

Less than a month ago, a federal district court in New Jersey granted leave for a victim of child pornography to proceed using a pseudonym. *Doe v. Oshrin*, ___ F. Supp. 2d ___, 2014 WL 2208126 (May 28, 2014). As here, the plaintiff in *Oshrin* was suing under section 2255(a) and 2252A(f). The court found that several factors militated strongly in favor of keeping the victim's identity private. First, the victim had tried to keep her identify private by not disclosing it in the complaint or pleadings, and by maintaining confidentiality in the underlying criminal proceeding. *Id.* *2. Second, the victim had substantial grounds for fear of public disclosure, "particularly in light of the risk that public disclosure of Plaintiff's identity would potentially identify her as the party depicted in the highly sensitive 'video recordings and individual still photographs' at issue in this litigation. *Id.* * 3. Third, there is a strong public interest in maintaining confidentiality in light of the highly sensitive and personal nature of the images, citing a sexual assault case where the court found maintaining confidentiality will make other victims feel more comfortable suing to vindicate their rights. *Id.* Fourth, there is no public interest in disclosure of the victim's identify given that the plaintiff is a private citizen seeking to litigate private and highly sensitive issues, while noting that the public will still have access to the proceedings. *Id.* Fifth, because public disclosure would cause the victim continued embarrassment, stigmatization and victimization by individuals who download, collect and trade Plaintiff's images, "denying Plaintiff's motion may inhibit Plaintiff's willingness to pursue her

claims." *Id*. *4. Sixth, Plaintiff's motive in seeking confidentiality was to protect her privacy interests, which is not improper. *Id.* at *4.

All these factors are present here. All three plaintiffs have striven to protect their privacy in both criminal and civil proceedings, all three have a real and substantial fear that disclosure of their identity would subject them to stalking, ridicule and retaliation by those who possess and trade their images, the public has strong interest in non-disclosure given the highly personal nature of the litigation, there is no public interest in disclosure given that none of the plaintiffs is a public figure and the proceedings will still remain open, and that disclosure of their identities will cause them embarrassment and continued victimization, thus inhibiting their willingness to purse this case and cases against others like defendant Feldman, and all plaintiffs seek confidentiality to protect their privacy interest and for no improper purpose.

## CONCLUSION

The Seventh Circuit has acknowledged that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff … exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Amy, Jessica, and Andy have shown that the harm from disclosure exceeds any harm from concealment. The Supreme Court has the production, distribution and possession of child pornography violates a fundamental privacy interest. That violation will continue far into the future as successive generations of child molesters and pedophiles download, collect and trade Amy, Jessica, and Andy's images. The conclusion of this case will not end Amy, Jessica, and Andy's victimization. Unfortunately their "identities," as depicted in the images of their rape and sexual exploitation, will never be forgotten or fade into the past.

Yet revealing Amy, Jessica, and Andy's name by prohibiting them from proceeding using pseudonyms will only exacerbate the pain and embarrassment that Amy, Jessica, and Andy suffer and will suffer for the rest of their life.

For all the above reasons, Amy, Jessica, and Andy respectfully request they be allowed to proceed in the above-captioned matter using pseudonyms.

Dated: June 23, 2014

    MARSH LAW FIRM PLLC

    By \_\_\_\_\_/s/_____

    James Marsh (admitted Pro Hac Vice)
    jamesmarsh@marshlaw.us
    Robert Y. Lewis (admitted Pro Hac Vice)
    robertlewis@marshlaw.us
    P.O. Box 4668 #65135
    New York, NY 10163-4668
    Telephone / Fax: (212) 372-3030

James Marsh (admitted Pro Hac Vice)
jamesmarsh@marshlaw.us
Robert Y. Lewis (admitted Pro Hac Vice)
robertlewis@marshlaw.us
Marsh Law Firm PLLC
P.O. Box 4668 #65135
New York, NY 10163-4668
Telephone / Fax: (212) 372-3030

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

------------------------------------------------- X
                                              )    No._____

"Amy," "Jessica,"          )

and "Andy"                )

               Plaintiffs,  )    **ORDER**

v.                                   )

Jeffrey W. Feldman,       )

               Defendant.  )

------------------------------------------------- X

The Court, having reviewed the Plaintiffs, Amy, Jessica, and Andy's Motion to Proceed Under Pseudonyms, hereby GRANTS the motion.

Amy, Jessica, and Andy may proceed in the above-captioned matter using pseudonyms.

Dated this ___ day of _____, 2014.

_____
UNITED STATES DISTRICT JUDGE