Jeffrey W. Feldman
#12551-089
Federal Correctional Complex (Low), WA
PO Box 9000 - Low
Forrest City, AR  72336
Telephone: 1-870-630-6000, Ask for Ms. Brister to setup a phone conference
FAX: 1-870-630-6069, To Ms. Brister

United States District Court - Eastern District of Wisconsin

"Amy", et al,  Plaintiffs

    Civ. No. 2:14-cv-721-LA

Jeffrey W. Feldman,  Defendant

## Motion to Request Sanctions

1. The plaintiffs' lawyers have repeatedly misrepresented the facts or slandered Feldman.

2. Feldman has notified the court of this misconduct and the plaintiffs' lawyers are aware of these notifications as shown by their referencing Feldman's February and April motions.

3. Feldman, as per the rules, is now notifying the court in a separate motion and requesting that the plaintiffs' lawyers be sanctioned.

4. As per General Federal Local Rule 5(7)(b) Feldman is filing this motion with the court.  General Federal Local Rule 5(7)(b) states **"Place of Filing.** *All papers filed by non-electronic means must be filed with the Clerk of Court*

and not in the judge's chambers. The Clerk of Court must retain the original of the paper filed, except the original of an order submitted for signature, and must transmit the copy to the judge. It is Feldman's understanding of this local rule that all papers should be sent to the clerk of court, not to the plaintiffs.

5. Federal General Local Rule 5(7)(b) supercedes the rule to serve the motion to the plaintiffs' lawyers. As the plaintiffs' lawyers have electronic access to the court and are notified automatically anytime the case is updated there was no need to send updates to the plaintiffs' lawyers.

6. To ensure that every rule is followed, Feldman will send copies of this motion via certified mail to attorney Robert Lewis and attorney Carol Hepburn at the same time that he mails this to the clerk of court. If the court determines that General Local Rule 5(7)(b) does not supercede the rule to serve notice than Feldman begs the court to wait 21 days before considering this motion.

7. In Feldman's motion titled **Request To Waive Electronic Filing Requirement, Amended Answer, Request For Sanctions, Motion To Dismiss Or Summary Judgement** and dated February 16, 2016, paragraph 5 states:
In the first paragraphs of the complaint numbered 37, 38, and 39 it is alleged that Feldman had some child pornography series on his computer. The next sentence implies that "pedophiles and child molesters" have these series. Feldman is not a pedophile nor a child molester. There is no evidence to suggest that Feldman has ever molested anyone. The vast majority of child pornography consumers do not molest children. The Court of Appeals for the Ninth Circuit in Apodaca 641 F.3d 1077 "Current empirical literature casts serious doubt on the existence of a substantial relationship between the consumption of child pornography and the likelihood of a contact sexual offense against a child". The Apodaca court cites several studies to back up this statement. The Court of Appeals of the Seventh Circuit in Garthus 652

F.3d 715 "It's a mistake to lump together different types of sex offender". Also from Garthus, "A pedophillic sex offender who has committed both a child-pornography offense and a hands-on sex crime is more likely to commit a future crime, including another hands-on offense, than a defendant who has committed only a child-pornography offense". The court cites several studies in drawing these conclusions.

8. Feldman's April 22, 2016 motion titled **Defendant's Answer to Second Amended Complaint** in paragraphs number 3-10 state that the plaintiffs' lawyers either slandered Feldman or misrepresented the facts. For the court's convenience numbered paragraphs 3-10 are restated below with the original paragraph numbers following the new paragraph number in parenthesis and in single space formatting.

9. (3) Numbered paragraphs 43-48 are a slanderous, unjust depiction of Feldman as a child molester and pedophile. Feldman brought to the court's attention similar acts of slander in his motion dated February 16, 2016 in numbered paragraphs 5-7. Since this is the plaintiffs' second infraction and the plaintiffs were clearly aware of Feldman's February 16, 2016 motion, each of the plaintiffs' attorneys should be punished $10,000 for each infraction and they should be reported to the bar association in their state as well as the American Bar Association (ABA).

10. (4) The plaintiffs' June 23, 2014 memorandum in support of motion to proceed using pseudonyms page 2 references the phrase 'child molesters and pedophiles' and the plaintiffs' attorneys should be sanctioned in the amount of $10,000 for this slander as per numbered paragraph 3 above.

11 (5) The June 23, 2014 memorandum on page 2 states "Feldman participated in the exploitation of children for sexual pleasure". This is untrue! Title 18, chapter 110, $ 2251 deals with the sexual exploitation of children. Feldman has never engaged in activity relating to $ 2251. The plaintiffs' attorneys should each be made to pay Feldman $150,000 for this despicable lie.

12 (6) The June 23, 2014 memorandum on page 2 states that Feldman "has been indicted for receipt and possession of child sex abuse images of Amy, Jessica, and Andy. This is inaccurate as it does not appear that Feldman was indicted for the receipt of images of Amy, Jessica and Andy. Alone, this error appears rather harmless but taken with the other inaccuracies it appears to be a pattern with the plaintiffs' lawyers.

13 (7) The June 23, 2014 memorandum on page 2 states "Defendant possessed over 500,000 files of child pornography" which is an erroneous restatement

from point 38 of the complaint "approximately 500,000 of which appeared to constitute child pornography or child erotica." Deliberately misleading the court is an act which should get the plaintiffs' attorneys reported to the bar association. The plaintiffs' attorney should each be required to pay Feldman $10,000 for this misleading restatement.

14 (8) The June 23. 2014 memorandum on page 2 states the defendant "employed extensive encryption". Feldman bought off the shelf encryptable hard drives from stores like Best Buy so how extensive could this encryption be? Regardless, how is this even relevant to this case? It isn't and such irrelevant statements should be stricken from the record. Another misleading statement for which Feldman requests the court to order each of the plaintiffs' attorney to pay Feldman $10,000.

15 (9) The June 23, 2014 memorandum on page 6 states "of these victims possessed and distributed by Defendant". Nothing in the record states that Feldman ever distributed any files in general and specifically of these plaintiffs. In fact, the record states quite the opposite. In the Affidavit in Support of Application for Search Warrant numbered paragraph 12 states "attempted without success to conduct single source downloads of the suspected child pornography files". Feldman moved files out of his shared folder, and had his computer behind a firewall and router which thwarted distribution. The government tried over 300 times without success to download from Feldman's computer. This lie by the plaintiffs' attorney should be sanctioned via notification to the bar association and a $25,000 payment to be made to Feldman by each of the plaintiffs' attorneys.

16. (10) Based on the above occurrences of slanderous statements, misleading statements, and out right lies, Feldman believes the plaintiffs' attorney need to be sanctioned in accordance with Federal Civil Rule 11(c)(4) with both notices to the appropriate bar associations and monetary damages to be awarded to Feldman so that they will be deterred from these onerous activities in the future.

17. In the plaintiffs memorandum of Law dated June 20, 2016 the plaintiffs' attorney continue with the slander and misrepresentation of facts.

18. The plaintiff's lawyers on page 10 state "[Feldman], having possessed the images of these Plaintiffs and many others being sexually abused is a pedophile and likely child molester. And their is strong evidence to support

these allegations". None of the evidence cited leads to the conclusion that Feldman is a pedophile or a likely child molester.

19. Plaintiffs' attorneys statements are in direct contradiction to what the United States Sentencing Commission's 2012 report to Congress titled Federal Child Pornography Offenses, later referred to as the Report, states on the included page 73 "not all child pornography offenders are pedophiles, and not all child pornography offenders engage in other sex offending". Included Page 75 "Some researchers and clinicians believe that a clear majority of child pornography offenders who have committed their offenses over a period of time are pedophiles, while others report that most child pornography offenders are not pedophiles."

20. Whether Feldman is a 'likely child molester' or 'pedophile' is completely irrelevant to this case and such speech should not be protected. Such terms are mean, cruel, unjust and serve only the purpose to inflame a potential jury or judge. They also needlessly increase the cost of litigation as Feldman is compelled to defend himself against slander which is irrelevant to this case.

21. Most child pornography consumers are not child molesters. The Report states on Executive Summary page vii "social science research has not established that viewing child pornography 'causes' the typical offender to progress to other sex offending against minors".

22. Plaintiffs' attorney on page 11, paragraph (iv) assert without evidence the following: "The government investigation revealed that Defendant

possessed hundreds of thousands of images of child pornography". Feldman requests that the plaintiffs' lawyers cite a source for this statement or withdraw it. This is a gross exaggeration on the number of illegal files. It is also irrelevant to this particular case how many illegal files Feldman had.

25. The Report, page XXIV defines sexual exploitation offenses, none of which Feldman is alleged to have committed. "'Sexual abuse or exploitation' means any of the following: (A) conduct described in 18 U.S.C. $ 2241, $ 2242, $ 2243, $ 2251(a)-(c), $ 2251(d)(1)(B), $ 2251A, $2260(b), $ 2421, $ 2422, or $ 2423; (B) an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or (C) an attempt or conspiracy to commit any of the offense under subdivisions (A) or (B). 'Sexual abuse or exploitation' does not include possession, accessing with intent to view, receipt or trafficking in material relating to the sexual abuse or exploitation of a minor." See paragraph 11 above where the plaintiffs' lawyers accuse Feldman of exploiting children sexually. This sort of inflammatory, misleading and hurtful speech serves no useful purpose and as such should be prohibited.

26. The plaintiffs' attorney have been notified in both February and April of 2016 of the defendants disagreements with their filings. It's now June 28, 2016 and the plaintiffs continue to slander Feldman and misrepresent the facts of the case. Feldman begs the court in the interest of substantial justice to step in and protect him from these hurtful statements.

27. From the Federal Rules of Civil Procedure. "Rule 1. Scope and Purpose These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

28. There is nothing 'just' or 'speedy' about allowing the plaintiffs' lawyers to slander Feldman and than hide behind a rule to get away with it. The plaintiffs have repeatedly slandered Feldman, misrepresented the facts and have known about these mistakes for months now.

29. From the Federal Rules of Civil Procedure: "Rules are intended to liberalize procedure and to avoid harshness of old rules, which often required courts to decline consideration of merits because of counsel's neglect to comply with rules. Burke v Canfield (1940) 72 App DC 127 111 F.2d 526"

30. The merits of this motion is that the prosecutor has slandered Feldman and sanctions should be imposed to prevent this behavior in the future.

31. From the Federal Rules of Civil Procedure: "Entire purpose of Rules was to strike from judges and litigants useless shackles of procedure to end that fair trial of essential quests could be had. Glaspell v Davis (1942, DC Or) 2 FRD 301

32. If ever there were "shackles of procedure" it's the requirement that

after being unjustly slandered the motion must be a separate motion and that the plaintiffs' lawyers must be served notice and had 21 days to withdraw such slanderous statements.

33. From the Federal Rules of Civil Procedure: "Spirit of Rules is that technical requirements are abolished and that judgments can be founded on facts and not on formalistic defects. Builders Corp. of America v United States (1958, CA9 Cal) 259 F.2d 766"

34. Not presenting the motion was a formalistic defect. Sending the motion to the court without sending it to the defendants first and giving them a 21 day period to fix their filings is a formalistic defect.

35. The Spirit of the Rules is against denying sanctions against the plaintiffs' lawyers. The plaintiffs' lawyers have had over four months since being notified to fix their filings. Instead of fixing their legal briefs the plaintiffs' lawyers continue to slander Feldman and hide behind technical rules to justify their behavior.

36. From the Federal Rules of Civil Procedure: "One of purposes of Rules is to settle controversies on their merits rather than to have them dismissed on technical points. Moore v Illinois C.R. Co. (1938, DC Miss) 24 F Supp 731, 3 BNA LRRM 743". If ever a motion was dismissed on a technical point it's the requirement that the motion had to be in a separate brief.

37. From the Federal Rules of Civil Procedure: "Rules are intended to promote and not to obstruct administration of justice and thus enable court to do

substantial justice rather than to decide cases upon technicalities which have no relationship whatever to rights of parties to litigation. Walsh v Connecticut Mut. Life Ins. Co. (1939, DC, NY) 26 F Supp 566"


38. The Plaintiffs' attorneys are using technicalities such as having to be served notice when they already have electronic access and know what Feldman is complaining about. Plaintiffs are also using the technicality that the motion must be separate from other motions.


39. From the Federal Rules of Civil Procedure: "Rules were enacted for purpose of simplifying procedure and getting rid of technicalities, and to provide just, speedy and inexpensive determination of law suit. Fox v House (1939, DC Okla) 29 F Supp 673"


40. It is neither just nor speedy to allow the plaintiffs' lawyers to slander Feldman by hiding behind technicalities such as the motion must be seperate and that they must be served papers and then have 21 days to fix their slander.

*Jeffrey W. Feldman*

Jeffrey W. Feldman     June 28, 2016