United States District Court - Eastern District Of Wisconsin

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2018 JUN -5 P 12: 20

STEPHEN C. DRIES
CLERK

"Amy", et al, Plaintiffs

v.

Jeffrey W. Feldman, Defendant

Case No. **14:CV-0721**
Civil L.R. 7(h) Expedited
Non-Dispositive Motion Practice

### Motion For Certification Of A Class Action Clawback Counterclaim

1. Feldman asserts a counterclaim due to attorney's fees and costs associated with Amy et al's excessive litigation.

2. Feldman has spent $35,861 in attorney fees plus additional costs defending himself from this lawsuit. See D.E. 21, D.E. 23 and D.E. 24.

3. Restitution and civil awards are equivalent. "There is no 'statutory maximum' for restitution; indeed, it is not a criminal punishment but instead is a civil remedy administered for convenience by courts that have entered criminal convictions". **United States v. George**, 403 F.3d 470, 473 (7th Cir. 2005) A further indication of the equivalency of the two is proven by the fact that restitution awards are offset by civil awards. From Title 18 § 3664(j)(2):

   > "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--
   > (A) any Federal civil proceeding; and
   > (B) any State civil proceeding, to the extent provided by the law of the State

4. Amy et al are not entitled to a windfall or double recovery. The Seventh circuit, as well as other circuits, prohibit victims from receiving a windfall.

   > "The Seventh and Ninth Circuits have read § 3664(f)(1)(A) and § 3664(j)(2), respectively, as barring recovery of criminal restitution payments beyond the full amount of loss , although neither provision says so expressly. See **United States v. Dawson**, 250 F.3d 1048, 1050 (7th Cir. 2001) (citing 18 U.S.C. § 3664(f)(1)(A) for the proposition that, in the criminal context a victim should not receive more in restitution than is required to make it whole)". **United States v. Nucci**, 364 F.3d 419, 423 (2nd Cir. 2014)

5. Several courts have ordered Amy et al's attorneys to track collections to prevent double recovery.

   > "[A]ny confusion about who is responsible for ensuring that Amy does not receive a 'double recovery' during the enforcement and/or collection of a judgment against Defendant is minimized, or eliminated, by the fact that the Court hereby directs that the Government, the United States

Probation Office, and Amy's representative shall fulfill that duty, which includes the duty to 'track[] payments that ... involve defendants in numerous jurisdictions across the country'. ... See, e.g., U.S. v. Hoffman, 08-CR-0027, Transcript of Sentencing Proceedings, at 15-16 (D. Nev. filed July 30, 2010); U.S. v. Rosenberg, 08-CR-0756, Transcript of Sentencing Proceeding, at 15-16 (N.D.N.Y. filed March 30, 2010)"

**United States v. Lundquist**, 847 F.Supp. 2d 364, 382 (N.D. NY 2011) If Amy et al have been overcompensated then their attorneys would be in civil contempt of court for not following court orders to track payments in order to avoid overpayment.

6. It's likely that Amy et al have been overcompensated. As of April 1, 2014 Amy had been awarded $13,025,165.72 in restitution. See **United States v. Massa**, 2014 U.S. Dist. LEXIS 170398 for proof that Amy has been awarded over $13 million dollars in restitution. Additionally Amy has collected money from civil lawsuits. It's plausible that Amy et al have also collected money due to 18 § 3014 which is funded by a $5000 special assessment on convicted criminals as well as taxpayers.

7. Discovery should reveal how much Amy et al have been compensated. On April 14, 2018 Feldman sent his first set of discovery requests which asked for compensation information. Pursuant to Fed. R. Civ. P. 34 Amy et al had thirty days to respond. Amy et al have not responded and Feldman has filed a motion to compel with the district court. Responses to Feldman's first set of discovery requests will help the district court to ascertain if Amy et al have been overcompensated.

8. Feldman asserts a counterclaim requesting attorney fees, $35,861 which have been validated in D.E. 21, D.E. 23 and D.E. 24, along with additional costs associated with defending himself from Amy et al's excessive litigation. This counterclaim exists regardless of class certification.

9. Feldman is a representative of a class of individuals who have been hurt by Amy et al's excessive litigation.

10. In addition to Feldman's counterclaim Feldman requests that the district court certify a class action claim for the people hurt by Amy et al's excessive litigation.

11. As per rule 23(a) there are four preresiquites to class action certification.

12. The first preresiquite is rule 23(a)(1) the class is so numerous that joinder is impracticable; This condition is clearly met as more than a thousand people have had restitution awards issued against them to Amy et al.

13. The second preresiquite is rule 23(a)(2) there are questions of law or fact common to the class; The following questions of law and fact are common to the class. How much money would make Amy et al whole? Who keeps track of how much they have collected? What happens if overcompensation occurs?

14. The third preresiquite is rule 23(a)(3) the claims or defenses of the representative parties are typical of the claims or defense of the class; The main claim is that Amy et al have been overcompensated and the class is entitled to a clawback for costs due to Amy et al's excessive litigation.

15. The fourth preresiquite is rule 23(a)(4) the representative parties will fairly and adequately protect the interests of the class. Feldman is sympathetic to other class members because he is an inmate like them. Feldman is well educated and understands the legal issues.

16. If discovery reveals that Amy et al have been overcompensated than the district court should certify the class and appoint counsel pursuant to rule 23(g)(1) - **Appointing Class Counsel**. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.

Jeffrey W. Feldman        May 24, 2018
Reg. No. 12551-089
Federal Correctional Institution
PO Box 5000
Oakdale, LA  71463

## CERTIFICATE OF SERVICE

I, Jeffrey W. Feldman, hereby certify under penalty of perjury that I have served a true and correct copy of the foregoing:

> Motion For Certification Of A Class Action Clawback Counterclaim

by depositing same in the institutional mail system or by delivering same to prison authorities for forwarding to the court and parties, whose addresses are listed below, on May 28, 2018 in a sealed, postage prepaid envelope, which is deemed filed at this time pursuant to **Houston v. Lack**, 487 U.S. 266, 101 L.Ed.2d 245 (1988).

James Marsh
Marsh Law Firm PLLC
PO Box 4668
New York, NY 10163

*Jeffrey W. Feldman*

Jeffrey W. Feldman
Defendant, pro se

Robert Lewis
Marsh Law Firm PLLC
PO Box 4668
New York, NY 10163

Carol Hepburn
Suite 550
200 1st AVE W
Seattle, WA 98119