# EXHIBIT 1011

Amy et al's responses to Feldman's second set of discovery requests.

James Marsh (admitted Pro Hac Vice)
jamesmarsh@marshlaw.us
Robert Y. Lewis (Admitted Pro Hac Vice)
robertlewis@marshlaw.us
Marsh Law Firm PLLC
Box 4668 #65135
New York, NY 10163-4668
Telephone (212) 372-3030
Fax (833) 210-3336

Carol L. Hepburn (admitted Pro Hac Vice)
carol@hepburnlaw.net
Carol L. Hepburn, P.S.
200 First Avenue West, Suite 550
Seattle, WA 98119
Telephone (206) 957-7272
Fax: (206) 687-7294

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| "Amy", "Jessica," "Andy", "Vicky", "Sarah" And "Alice," <br><br> Plaintiffs, <br><br> v. <br><br><br><br><br> Jeffrey W. Feldman, <br><br> Defendant. | Civ. No. 14-C-721 <br><br> PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF DISCOVERY REQUESTS |

Plaintiffs "Amy," "Jessica," "Andy," "Vicky," "Sarah," and "Alice," proceeding by pseudonyms and through their attorneys of record Marsh Law Firm PLLC, and Carol L. Hepburn P.S. respond as follows:

## GENERAL OBJECTION

1. These responses are based upon and therefore limited by records and information in existence, presently recollected, and thus far discovered in the course of preparing these responses. Therefore, Plaintiffs reserve the right to make changes in these responses if it appears

1

at any time that inadvertent errors or omissions have been made or additional or more accurate information has become available.

2. Plaintiffs object to the preliminary portions of Defendant's discovery requests on the grounds that they cause the requests to exceed the scope of discovery permitted by Fed. R. Civ. P. 26 and because the requests are so broad, vague, and general as to be overly burdensome and oppressive. These responses are based on the ordinary meanings of the words used in the requests

3. Defendant's discovery requests #1-17 are not likely to lead to admissible evidence since Plaintiffs seek only the statutory and liquidated damages provided in 18 USC § 2255(a), along with reasonable attorney fees. Plaintiffs have filed a motion to allow filing of a third amended complaint which states only claims under 18 USC § 2255.

## RESPONSES

**DISCOVERY REQUEST NO. 1:** Provide redacted tax returns from tax years 2015, 2016 and 2017 for each plaintiff. Remove personal information and add in pseudonyms.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery.

**DISCOVERY REQUEST NO. 2:** Provide an estimate of the total number of individuals who possessed illegal images of the plaintiff for each plaintiff.

**RESPONSE:** Plaintiffs object that this request is so broad that it is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of

2

discovery. Plaintiffs possess no information which is responsive to this request. This request calls for speculation and a response which could only be answered, if at all, by an expert witness.

**DISCOVERY REQUEST NO. 3:** Provide an estimate of the future number of individuals who will possess illegal images of each plaintiff.

**RESPONSE:** Plaintiffs object that this request is so broad that it is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery. Plaintiffs possess no information which is responsive to this request. This request calls for speculation and a response which could only be answered, if at all, by an expert witness.

**DISCOVERY REQUEST NO. 4:** Would you stipulate the total number of individuals who possessed illegal images of each plaintiff? If yes, how many would you stipulate?

**RESPONSE:** Plaintiffs object that this request is so broad that it is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery. Plaintiffs possess no information which is responsive to this request. This request calls for speculation and a response which could only be answered, if at all, by an expert witness.

**DISCOVERY REQUEST NO. 5:** Provide an explanation for the discrepancy between the number of awards, both restitution and civil, and the number of notifications for each plaintiff.

**RESPONSE:** Plaintiffs possess no information which is responsive to this request. This request calls for speculation. Plaintiffs do not know the number of awards or the number of notices and are unaware of any so-called "discrepancy."

**DISCOVERY REQUEST NO. 6:** Why was restitution not requested in Feldman's criminal case, CR 13-155?

3

RESPONSE: Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request calls for information which is protected by the attorney-client privilege.

**DISCOVERY REQUEST NO. 7:** Provide all communications between the prosecution in case CR 13-155 and the plaintiffs' lawyers.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery.

**DISCOVERY REQUEST NO. 8:** Did the plaintiffs know Feldman? If yes, how did they know Feldman?

**RESPONSE:** No.

**DISCOVERY REQUEST NO. 9:** Why was Feldman sued when so many others were not sued?

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request calls for information which is protected by the attorney-client privilege.

**DISCOVERY REQUEST NO. 10:** Provide the underlying data for all expert reports.

4

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. This request is also not within the scope of discovery. Plaintiffs possess no information which is responsive to this request.

**DISCOVERY REQUEST NO. 11:** Provide all challenges to the plaintiffs' experts by other experts in other court cases.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery. Request is vague concerning the meaning of the word "challenges." Plaintiffs possess no information which is responsive to this request.

**DISCOVERY REQUEST NO. 12:** How much have the plaintiffs' experts been paid in all court cases for these plaintiffs?

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs are not seeking reimbursement of expert costs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery.

**DISCOVERY REQUEST NO. 13:** Have these experts been retained by other plaintiffs associated with the plaintiffs' lawyers? If yes, how much have they been paid in these other court cases?

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs are not seeking reimbursement of expert costs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery.

**DISCOVERY REQUEST NO. 14:** Provide monthly updates on money collected as a result of their victimization for each plaintiff throughout the litigation of this case.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs are not seeking reimbursement of expert costs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery.

**DISCOVERY REQUEST NO. 15:** If the plaintiffs have not collected money via titles 18 § 3013 and 18 § 3014 then provide an explanation as to why not?

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or

damages by Plaintiffs. Plaintiffs object that this request calls for information which is protected by the attorney-client privilege.

**DISCOVERY REQUEST NO. 16:** Has any court ordered the plaintiffs' lawyers to keep track of money collected to avoid overcompensation? If yes, cite the cases.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery. Plaintiffs possess no information which is responsive to this request. Plaintiffs are unaware of any court which has ordered them to keep track of money collected to avoid so-called "overcompensation."

**DISCOVERY REQUEST NO. 17:** What was the role of James Marsh in the passage of 18 § 2255? Include campaign contributions plus gifts given by Marsh or any organization that he was part of when the gift or contribution was given.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery. Plaintiffs possess no information which is responsive to this request.

Dated this 7 day of June, 2018.

MARSH LAW FIRM PLLC

By /s/
James R. Marsh (admitted Pro Hac Vice)
jamesmarsh@marshlaw.us

7

Robert Y. Lewis (admitted Pro Hac Vice)
robertlewis@marshlaw.us
Box 4668 #65135
New York, NY 10163-4668
Telephone (212) 372-3030
Fax (833) 210-3336

CAROL L. HEPBURN, P.S.

By_____/s/_____
Carol L. Hepburn (admitted Pro Hac Vice)
carol@hepburnlaw.net
Carol L. Hepburn, P.S.
200 First Avenue West, Suite 550
Seattle, WA 98119
Telephone (206) 957-7272
Fax (206) 687-7294