**EXHIBIT 1012**

Document dated July 2, 2018 entitled Requests/Responses/Replies which
sets forth the discussion in one place for the convenience of the court.

United States District Court Eastern District Of Wisconsin

"Amy", et al., Plaintiffs

v.                                                    Case No. **14-CV-0721-LA**

Jeffrey W. Feldman, Defendant

### REQUESTS/RESPONSES/REPLIES

#### GENERAL OBJECTIONS

1. These responses are based upon and therefore limited by records and information in existence, presently recollected, and thus far discovered in the course of preparing these responses. Therefore, Plaintiffs reserve the right to make changes in these responses if it appears at any time that inadvertent errors or omissions have been made or additional or more accurate information has become available.

**REPLY:** This is not an objection but an excuse which should be rejected by the district court.

2. Plaintiffs object to the prelimainary portions of Defendant's discovery requests on the grounds that they cause the requests to exceed the scope of discovery permitted by Fed. R. Civ. P. 26 and because the requests are so broad, vague, and general as to be overly burdensome and oppressive. These responses are based on the ordinary meanings of the words used in the requests

**REPLY:** Feldman is unclear on what is meant by "the preliminary portions of Defendant's discovery requests". Amy et al should specify exactly what is vague so that Feldman can clarify his requests.

The scope of discovery is broad and liberal. "Generally, parties are entitled to broad discovery. Pursuant to Rule 26(b)(1), Federal Rules of Civil Procedure, '[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery, or to the claim or defense of any other party --'. The test for relevance 'in the discovery area is an extremely broad one.' EEOC v. Klockner H & K Machs., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (quotations omitted). Relevance in the discovery context means that the information sought is relevant to the subject matter of the action." **Ictor Lukic v. Kohler Co.,** 2006 US Dist LEXIS 53299 (E.D. Wis. 2006). See also **Hickman v. Taylor** (U.S. Jan. 13, 1947), 329 US 495,

67 S Ct 385, 91 L Ed 451 and **Herbert v. Lando** (U.S. Apr. 18, 1979), 441 US 153, 99 S Ct 1635, 60 L Ed 2d 115.

Amy et al should explain why a request is "overly burdensome and oppressive" which might include an estimate of the cost to respond. If Feldman knew why a request was overly burdensome or oppressive he would be in a better position to modify it or abandon it.

This objection should be rejected by the district court as it is not specific to a particular request, it takes a narrow approach to discovery and it does not explain why a request is "overly burdensome and oppressive."

3. Defendant's discovery requests #1-17 are not likely to lead to admissible evidence since Plaintiffs seek only the statutory and liquidated damages provided in 18 USC § 2255(a), along with reasonable attorney fees. Plaintiffs have filed a motion to allow filing of a third amended complaint which states only claims under 18 USC § 2255.

**REPLY:** Feldman has not received Amy et al's motion or third amended complaint. Requests do not have to lead to admissible evidence although these requests may do so. Feldman is protected by the Constitution's Ex Post Facto clause from the 2013 and 2018 versions of 18 § 2255 since all of his alleged criminal acts occurred on or before January, 2013. Feldman is not liable for "liquidated" damages. Feldman may be found liable for "actual" damages. Thus, compensatory information is relevant and should be admissible. Both federal law and Wisconsin law do not allow for double recovery or a windfall.

> "The Seventh and Ninth Circuits have read § 3664(f)(1)(A) and § 3664(j)(2), respectively, as barring recovery of criminal restitution payments beyond the full amount of loss, although neither provision says so expressly. See **United States v. Dawson**, 250 F.3d 1048, 1050 (7th Cir. 2001)".

**United States v. Nucci**, 364 F.3d 419, 423 (2nd Cir 2004).

The Seventh Circuit has found that restitution and civil awards are equivalent. "There is no 'statutory maximum' for restitution; indeed, it is not a criminal punishment but instead is a civil remedy administered for convenience". **United States v. George**, 403 F.3d 470, 473 (7th Cir. 2005). Wis. Stat. 885.285(3) allows for an offset of money already collected by plaintiffs. Thus, compensatory information is relevant. Amy et al should be forced to disclose how much money they have collected.

## REQUESTS - RESPONSES - REPLIES

**DISCOVERY REQUEST NO. 1: Provide redacted tax returns** from tax years 2015, 2016 and 2017 for each plaintiff. Remove personal information and add in pseudonyms.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery.

**REPLY:** The request is relevant because tax returns may show compensation information. Three years worth of tax returns is not unduly burdensome as most people keep their tax returns this long in case they are audited by the IRS. Since there is nearly one million dollars at stake and this case is precedent setting in the Seventh Circuit the bar for showing an undue burden should be set high.

**DISCOVERY REQUEST NO. 2:** Provide an estimate of the total number of individuals who possessed illegal images of the plaintiff for each plaintiff.

**RESPONSE:** Plaintiffs' object that this request is so broad that it is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery. Plaintiffs possess no information which is responsive to this request. This request calls for speculation and a response which could only be answered, if at all, by an expert witness.

**REPLY:** The number of perpetrators is relevant because if Feldman is found liable then the amount he is liable for should be apportioned pursuant to **United States v. Paroline**, 134 S. Ct. 1710 (2014). Also, Wis Stat. 895.045 states that Feldman can not be held liable for more than the percentage of causal negligence attributed to him. Feldman, a pro se inmate, lacks access to PACER and therefore can not access the part of **Paroline** where 71,000 perpetrators are said to have illegal images of Amy. "See Brief for Respondent Amy 65 (estimating Paroline's 'market share' of Amy's harm at 1 /71,000". **Paroline** 1734. At the very least Amy et al should send Feldman this Brief for Respondent Amy 65 along with any supporting documents.

**DISCOVERY REQUEST NO. 5:** Provide an explanation for the discrepancy between the number of awards, both restitution and civil, and the number of notifications for each plaintiff.

**RESPONSE:** Plaintiffs possess no information which is responsive to this request. This request calls for speculation. Plaintiffs do not know the number of awards or the number of notices and are unaware of any so-called "discrepancy."

**REPLY:** There is caselaw which shows that Amy et al's attorneys have tracked this information in the past. "Vicky has received 904 prior restitution orderes. Vicky letter at 12. Sarah has received 383 prior restitution orders. Sarah letter at 12." **United States v. Kindy Steven Romero-Medrano,** 2017 U.S. Dist. LEXIS 185022 (S.D. Tex 2017). The "Letter [was] from Carol L. Hepburn to Sherri Lynn Zack, April 25, 2017". **Romero-Medrano.** As of April 2017 Ms. Hepburn knew of the number of restitution orders for Vicky and Sarah. It's implausible that Ms. Hepburn stopped keeping track of restitution orders and civil awards. Mr. Marshhas also kept track of restitution orders as we learn in **United States v. Hite,** 2015 U.S. Dist. LEXIS 83836 (June 29, 2015 District of Columbia). "There have been 198 restitution orders on behalf of the victim in the 'Misty' series". ... "31 restitution orders on behalf of the victim in the 'Sponge B' series". The attorneys are either lying that they do not know the number of restitution orders or they have lacked due diligence in not keeping track of them. Either one is grounds for this lawsuit to be dismissed. The attorneys should be ordered to provide this basic information or the lawsuit should be dismissed. Furthermore, the attorneys have been ordered to track information by multiple courts. See discovery request 16 for citations.

**DISCOVERY REQUEST NO. 7:** Provide all communications between the prosecution in case CR 13-155 and the plaintiffs' lawyers.

**RESPONSE: Plaintiffs' claims** and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery.

**REPLY:** Feldman has due process concerns about how he was selected for this lawsuit. Thousands have possessed images of Amy et al but only a few have been sued. Why

was Feldman selected for this special treatment? The communications between the prosecution and the plaintiffs' attorneys may provide a clue. If a confidential bail report was leaked then an abuse of process has occurred. If Feldman was selected due to his status, wealth, instead of his conduct then the rule of law has been broken.

**DISCOVERY REQUEST NO. 10-13:** All of these requests pertain to experts. Since Amy et al have stated that they do not intend to use experts then these requests do not have to be answered at this juncture. If Amy et al change their mind and do use experts then these requests must be answered even if that means reopening Discovery after it's been closed.

**DISCOVERY REQUEST NO. 14:** Provide monthly updates on money collected as a result of their victimization for each plaintiff throughout the litigation of this case.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs are not seeking reimbursement of expert costs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery.

**REPLY:** Discovery is broad and liberal. Compensation information is relevant. See Feldman's replies to General Objections two and three above. A blanket assertion that a request is unduly burdensome is insufficient. Plaintiffs must explain why a request is unduly burdensome and give an estimate of the cost to fulfill the request.

Fed. R. Civ. P. 26(e)(1) states that discovery responses should be updated when new information becomes available. Asking for a monthly update is not overly burdensome considering that the rule as written specifies that an update should be given any time the data changes.

**DISCOVERY REQUEST NO. 16:** Has any court ordered the plaintiffs' lawyers to keep track of money collected to avoid overcompensation? If yes, cite the cases.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintiffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is un-

reasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery. Plaintiffs possess no information which is responsive to this request. Plaintiffs are unaware of any court which has ordered them to keep track of money collected to avoid so-called "overcompensation".

**REPLY:** This request is relevant in that it goes to Feldman's counterclaim that he should not have been sued by Amy et al because they have already been compensated. Both James Marsh and Carol Hepburn have been ordered by courts to track payments so that "Amy" and "Vicky" respectively do not obtain a double recovery. "[A]ny confusion about who is responsible for ensuring that Amy does not receive a 'double recovery' during the enforcement and/or collection of a judgment against defendant is minimized, or eliminated, by the fact that the Court hereby directs that the Government, the United States Probation Office, and Amy's representative shall fulfill that duty, which includes the duty to 'track[] payments that ... involve defendants in numerous jurisdictions across the country.' **Aumais,** 656 F.3d at 156." **United States v. Avery Lundquist,** 847 F.Supp. 2d 364, 382 (N.D. NY 2011). See also **United States v. Anthony Haynes,** 2012 U.S. Dist LEXIS 110220 (E.D. TN).

**DISCOVERY REQUEST NO. 17:** What was the role of James Marsh in the passage of 18 § 2255? Include campaign contributions plus gifts given by Marsh or any organization that he was part of when the gift or contribution was given.

**RESPONSE:** Plaintiffs' claims and causes of actions are limited solely to the Defendant's violations of federal child pornography statutes which allow Plaintffs to receive statutory damages without having to prove or otherwise demonstrate any actual losses or damages by Plaintiffs. Plaintiffs object that this request is unreasonable and unduly burdensome given the needs of the case. This request is also not within the scope of discovery. Plaintiffs possess no information which is responsive to this request.

**REPLY:** The role that Mr. Marsh played in the passage of amendments to 18 § 2255 is relevant if the statute is challenged on Constitutional grounds. Mr. Marsh should answer this request. Mr. Marsh should state any role he had in the passage of any amendments to 18 § 2255. It is implausible that Mr. Marsh possesses no information with regard to this request.

Jeffrey W. Feldman

Jeffrey W. Feldman               July 2, 2018
Reg. No. 12551-089
Federal Correctional Institution
PO Box 5000
Oakdale, LA  71463