James Marsh (admitted Pro Hac Vice)
jamesmarsh@marshlaw.us
Robert Y. Lewis (Admitted Pro Hac Vice)
robertlewis@marshlaw.us
Marsh Law Firm PLLC
P.O. Box 4668 #65135
New York, NY 10163-4668
Telephone / Fax: (212) 372-3030

Carol L. Hepburn (admitted Pro Hac Vice)
carol@hepburnlaw.net
Carol L. Hepburn, P.S.
200 First Avenue West, Suite 550
Seattle, WA 98119
Telephone (206) 957-7272
Fax: (206) 687-7294

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---------------------------------------------------------
"Amy", "Jessica," "Andy", "Vicky", "Sarah"  )
And "Alice,"                                )    Civ. No. 14-C-721
                       Plaintiffs,    )
   v.                                     )
                                            )
                                            )
                                            )    THIRD AMENDED COMPLAINT
                                            )
Jeffrey W. Feldman,                         )
                       Defendant.     )
                                            )
--------------------------------------------X

       Plaintiffs "Amy," "Jessica," "Andy," "Vicky," "Sarah," and "Alice," proceeding by pseudonyms and through their attorneys of record Marsh Law Firm PLLC, and Carol L. Hepburn P.S. allege for their complaint as follows:

## NATURE OF THE ACTION

1. This is a suit for damages arising out of Defendant Jeffrey W. Feldman's violations of federal criminal child pornography statutes 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5).

2. 18 U.S.C. § 2255(a) allows victims of child pornography to recover damages of no less than $150,000 and the cost of the suit, including reasonable attorney's fees, from individuals who violate 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5).

## PARTIES

3. Plaintiff Amy currently resides in the State of Pennsylvania.

4. "Amy" is a pseudonym for the child victim depicted in the child pornography series known as the "Misty series".

5. Plaintiff Jessica currently resides in the State of New York.

6. "Jessica" is a pseudonym for the child victim depicted in the child pornography series known as the "Jessica series".

7. Plaintiff Andy currently resides in the State of Utah.

8. "Andy" is a pseudonym for the child victim depicted in the child pornography series known as the "Spongebob series".

9. Plaintiff Vicky currently resides outside the State of Wisconsin.

10. "Vicky" is a pseudonym for the child victim depicted in the child pornography series known as the "Vicky series."

11. Plaintiff Sarah currently resides outside the State of Wisconsin.

12. "Sarah" is a pseudonym for the child victim depicted in the child pornography series known as the "Marineland series."

13. Plaintiff Alice currently resides outside the State of Wisconsin.

14. "Alice" is a pseudonym for the child victim depicted in the child pornography series known as the "Christina series" now known as the "At_Dawn series."

15. Defendant is a resident of Wisconsin and is currently released on bail pending resolution of federal felony charges for receipt and possession of child pornography.

## JURISDICTION AND VENUE

16. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal laws -- 18 U.S.C. §§ 2252A(f) and 2255.

17. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where Defendant resides and (ii) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## PLAINTIFFS' RIGHT TO PROCEED UNDER A PSEUDONYM

18. Amy, Jessica, Andy, Vicky, Sarah, and Alice, are proceeding by pseudonym in accordance with the applicable law in this Circuit.

19. In *Doe v. City of Chicago*, 360 F.3d 667 (7th Cir. 2004), the Seventh Circuit held that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment. . . . [T]he danger of retaliation is often a compelling ground for allowing a party to litigate anonymously . . . ." *Id*. at 669. In *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869 (7th

Cir. 1997), the Circuit noted that "records or parts of records are sometimes sealed for good reasons, including the protection of state secrets, trade secrets, and informers; and fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."

20. Amy, Jessica, Andy, Vicky, Sarah, and Alice have a very real and reasonable fear of severe harm if their identities are disclosed in this civil case because it would allow those who trade and view child pornography to attempt to contact them, thus re-victimizing them. If victims of child pornography were forced to publicly disclose their identities, they would be far less likely to pursue their right to restitution. Additionally, Amy, Jessica, Andy, Vicky, Sarah, and Alice's need for anonymity outweighs any prejudice to Defendant or the public's interest in knowing their identity.

21. Amy, Jessica Andy, Vicky, Sarah, and Alice, concomitant with the filing of this complaint, are filing a motion for leave to proceed by pseudonym.

## **FACTUAL BACKGROUND**

22. On January 22, 2013, a federal search warrant was issued authorizing the search of Defendant's residence located at 2051 South 102nd Street, Apartment E, West Allis, Wisconsin, for evidence of violations of 18 USC §2252A.

23. The search warrant was based, in part, on the FBI's investigation of Defendant using Peer-to-Peer, hereinafter "P2P," networks to share and receive child pornography.

24. P2P networks allow users to trade digital files with other internet-connected computers on which the P2P software is installed. Typically, P2P users perform keyword searches to locate desired files, and then download files from other

4

Case 2:14-cv-00721-LA    Filed 08/22/18    Page 4 of 11    Document 87

P2P users in possession of those files. Users cannot send or receive files without consenting.

25. According to the FBI affidavit in support of the criminal complaint against Defendant, before the execution of the search warrant at Defendant's home, the FBI had determined that Defendant used the P2P software eMule to connect to P2P networks in order to share and receive images of known child pornography. eMule is a P2P program that is available for Internet download, and can be used to share and receive files over P2P networks. eMule is not typically pre-installed in new computers and must be downloaded.

26. The FBI had observed that a computer located at Defendant's residence was sharing specific images of known child pornography via eMule, and had matched the "hash values," or unique digital signatures of the files, to child pornography files already known to the FBI.

27. Pursuant to a search warrant, law enforcement officers entered Defendant's residence on January 24, 2013 and conducted a search for records, computers, and electronic storage devices containing child pornography.

28. Law enforcement seized a number of electronic devices including a Dell Inspiron 530 personal desktop computer and two Western Digital My Book Essential external hard drives.

29. A forensic evaluation of the Desktop Computer revealed that it contained the Microsoft 7 Ultimate operating system and had only one user profile, for "Jeff."

30. In a temporary folder associated with the "Jeff" user profile, agents discovered two videos of suspected child pornography.

31. Further forensic examination of the desktop computer revealed that the P2P file-sharing software eMule had been downloaded, installed, and used thereon.

32. FBI forensic computer examiners determined that approximately 30 search terms had been entered into eMule. These terms included "pedo," "pthc," which stands for "preteen hardcore," "9yo," "8yo brunette little," "8yo," "7yo," "11yo," "10yo," "hussyfan," and "kingpass." These search terms are known by the FBI to be used by persons interested in child pornography to find child-pornography images.

33. The examination of eMule files on the Desktop Computer showed that standard settings had been altered in order to send files received via eMule to the desktop computer's "F" drive. The "F" drive corresponded to a storage device that had been connected to the desktop computer.

34. Examination of the eMule files on the Desktop Computer showed that it had been used to download specific files with names suggestive of child pornography.

35. In addition, at the time of the execution of the search warrant, there was another drive which had been encrypted ("Encrypted Device 1") connected to the computer. Encryption is a process by which data is hidden or obscured from view by those not privy to the encryption key.

36. Agents were able to decrypt the contents of Encrypted Drive #1 and discovered 707,307 files, approximately 500,000 of which appeared to constitute child pornography or child erotica. These files included videos depicting bondage and sexual assault of infants, along with bestiality involving children.

37. Finally, agents recovered a second encrypted drive ("Encrypted Drive #2") during the search, located in Feldman's living room.  As of August 13, 2013, FBI agents

were still reviewing the contents of Encrypted Drive 2 and had already found 600 video files of apparent child pornography. The videos depicted bondage and the sexual assault of infants, along with bestiality involving children.

38. As of August 13, 2013, despite decrypting two external hard drives, the FBI was unable to decrypt 8.64 terabytes of data. A terabyte is approximately one trillion bytes, or sufficient storage capacity for approximately 300 hours of video. This encrypted data is present on seven hard drives that the FBI seized from Defendant's residence.

39. Defendant was charged with criminal receipt of child pornography in violation of 18 U.S.C. §2252A(a)(2) and possession of child pornography in violation of 18 U.S.C. §2252A(a)(5).

40. Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched images on Defendant's computer to images of Amy, Jessica, and Andy in NCMEC's database and notified the government of its findings in a CVIP report.

41. Upon information and belief, some of images found on Defendant's computer and computer files are of Amy in the "Misty Series", which shows Amy being sexually abused as a child by an adult man. The Misty Series is widely circulated among pedophiles and child molesters.

42. Upon information and belief, some of the images found on Defendant's computer and computer files are of Jessica in the "Jessica Series", which shows Jessica from infancy until approximately 4 years old being sodomized, subjected to oral

sex and otherwise sexually abused by one or more adult men. The Jessica Series is widely circulated among pedophiles and child molesters.

43. Upon information and belief, some of the images found on Defendant's computer and computer files are of Andy in the "Spongebob Series", which shows Andy being sexually abused as a child by an adult man. The Spongebob Series is widely circulated among pedophiles and child molesters.

44. Upon information and belief, some of the images found on Defendant's computer and computer files are of Vicky in the "Vicky Series", which shows Vicky being sexually abused as a child by an adult man. The Vicky Series is widely circulated among pedophiles and child molesters.

45. Upon information and belief, some of the images found on Defendant's computer and computer files are of Sarah in the "Marineland Series", which shows Sarah being sexually abused as a child by an adult man. The Marineland Series is widely circulated among pedophiles and child molesters.

46. Upon information and belief, some of the images found on Defendant's computer and computer files are of Alice in the "Christina Series" (now known as the At_Dawn Series), which shows Alice being sexually abused as a child by an adult man. The Christina Series (now known as the At_Dawn Series) is widely circulated among pedophiles and child molesters.

**CLAIM FOR RELIEF - 18 U.S.C. § 2255(a)**

35. Amy, Jessica, Andy, Vicky, Sarah, and Alice, repeat and re-allege all prior paragraphs.

36. 18 U.S.C. § 2255, entitled "Civil remedy for personal injuries," provides that any person who is a victim of a violation of 18 U.S.C. §§ 2252A and other

provisions and who suffers personal injury as a result of such violation shall recover the actual damages the person sustains and the cost of the suit, including a reasonable attorney's fee.

37. 18 U.S.C. § 2255(a) further provides that any victim described in Section 2255 "shall be deemed to have sustained damages of no less than $150,000 in value."

38. 18 U.S.C. § 2252A(a)(2) makes it criminal to

> "knowingly receive[] or distribute[] ---(A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

39. 18 U.S.C. § 2252A(a)(5)(B) makes it criminal to

> "knowingly possess[], or knowingly access[] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

40. Defendant received and possessed pornographic images of Amy, Jessica, Andy, Vicky, Sarah, and Alice as children, which images were transported in interstate and foreign commerce by computer in violation of 18 U.S.C. §§ 2252A(2) and 2252A(a)(5) respectively.

41. Amy, Jessica, Andy, Vicky, Sarah, and Alice are victims of Defendant's violation of Sections 2252A(a)(2)(A) and (a)(5)(B), having suffered personal injury as a result of Defendant's criminal acts. These personal injuries include, without limitation,

emotional and psychic pain, violation of privacy interests and injury to reputation and well-being.

42. Amy, Jessica, Andy, Vicky, Sarah, and Alice are entitled to, including without limitation, damages of at least $150,000, the cost of suit including a reasonable attorney's fee, prejudgment and post-judgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

## JURY DEMAND

43. Plaintiffs demand a jury trial.

## RELIEF REQUESTED

WHEREFORE, Amy, Jessica, Andy, Vicky, Sarah, and Alice, each requests judgment against Defendant as follows:

    a. Statutory damages of no less than $150,000 pursuant to 18 U.S.C. § 2255(a);

    b Actual damages pursuant to 18 U.S.C. § 2255(a) and the common law;

    c. Prejudgment and post-judgment interest;

    d. Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded;

    e. Such other and further relief as the Court deems just and proper.

Dated this 22nd day of August, 2018.

                                                    MARSH LAW FIRM PLLC

                                                    By ____/s/_____
                                                    James R. Marsh (admitted Pro Hac Vice)

jamesmarsh@marshlaw.us
Robert Y. Lewis (admitted Pro Hac Vice)
robertlewis@marshlaw.us
P.O. Box 4668 #65135
New York, NY 10163-4668
Telephone / Fax: (212) 372-3030

CAROL L. HEPBURN, P.S.

By \_\_\_\_\_/s/_____
Carol L. Hepburn (admitted Pro Hac Vice)
carol@hepburnlaw.net
Carol L. Hepburn, P.S.
200 First Avenue West, Suite 550
Seattle, WA  98119
Telephone (206) 957-7272
Fax: (206) 687-7294